UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

STEPHAN FLEMENS and GEORGE
JONES, on behalf of themselves and all
others similarly situated, JOSE
RODRIGUEZ, WAI YUN AU, MICHAEL
WILLIAMS, and NORMAN FORBES,
individually,

     Plaintiffs,

   -against-

THE ANTHEM COMPANIES, INC., THE
ANTHEM COMPANIES INDIANA,
AMERIGROUP NEW YORK, LLC, d/b/a
AMERIGROUP, and AMERIGROUP IPA
OF NEW YORK, LLC, d/b/a
AMERIGROUP,

     Defendants.

--------------------------------------------------------

Case No.  1:17-CV-07088

**ANSWER TO COMPLAINT**

   Defendants THE ANTHEM COMPANIES, INC., THE ANTHEM COMPANIES

INDIANA, AMERIGROUP NEW YORK, LLC, d/b/a AMERIGROUP, and AMERIGROUP IPA

OF NEW YORK, LLC, d/b/a AMERIGROUP[1], by and through their attorneys, Seyfarth Shaw

LLP, hereby submit their Answer to Complaint and sets forth its defenses as follows:

<u>**INTRODUCTION**</u>

<u>**COMPLAINT ¶1:**</u>

   This is a collective action brought on behalf of Defendants' current and former
Recreational Vehicle ("RV") Drivers.  Plaintiffs bring this action to seek redress against
Defendants for class-wide unpaid wages, unpaid overtime, and notice and record-keeping
violations.

---

[1] Plaintiffs' Complaint and case caption name four different entities in this lawsuit. None of them
are Plaintiffs' current or former employer. Plaintiffs' current employer is Anthem, Inc. Plaintiffs'
former employer was Amerigroup Corporation.  The Anthem Companies Indiana is not a separate
legal entity; it is The Anthem Companies, Inc.

**ANSWER:**

Defendants admit that Plaintiffs are current and former Recreational Vehicle Drivers who bring this lawsuit to seek unpaid wages, unpaid overtime, and redress for alleged notice and record-keeping violations.  Defendants deny that Plaintiffs are employed by any of the entities named in this lawsuit, deny that Plaintiffs are entitled to any relief, and deny any remaining allegations in Paragraph 1 of Plaintiffs' Complaint.

**COMPLAINT ¶2:**

Defendants have a widespread practice of failing to pay their RV Drivers for all hours worked.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

**COMPLAINT ¶3:**

Defendants have operated an insurance company throughout the United States, including New York.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 3 of Plaintiffs' Complaint

**COMPLAINT ¶4:**

Upon information and belief, Amerigroup Defendants were acquired by Anthem Defendants on December 24, 2012.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

**COMPLAINT ¶5:**

Defendants employed Plaintiffs and other similarly situated RV Drivers to drive Defendants' RVs to specific locations throughout New York.  Defendants' also employed Marketing Representatives to work from Defendants' RVs.  While working from Defendants' RVs, Defendants' Marketing Representatives enrolled eligible New York residents for free or low-cost government-subsidized health insurance.

**<u>ANSWER:</u>**

Defendants admit that Plaintiffs worked as RV drivers and their job duties included driving RVs to specific locations in New York where Marketing Representatives worked with potential clients to enroll them in insurance products. Defendants deny the remaining allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

**<u>COMPLAINT ¶6:</u>**

Plaintiffs and other similarly situated RV Drivers' workday typically consisted of: picking up Defendants' RVs and driving it to the required location, remaining at the location during the workday while Marketing Representatives complete enrollments, and then returning Defendants' RV to the required destination.

**<u>ANSWER:</u>**

Defendants deny the allegations set forth in Paragraph 6 of Plaintiffs' Complaint.

**<u>COMPLAINT ¶7:</u>**

Defendants failed to pay Plaintiffs and other similarly situated RV Drivers' overtime pay for all hours worked over forty per workweek.

**<u>ANSWER:</u>**

Defendants deny the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

**<u>COMPLAINT ¶8:</u>**

Defendants made unlawfully deductions from Plaintiffs' wages by forcing them to pay for parking tickets.

**<u>ANSWER:</u>**

Defendants deny the allegations set forth in Paragraph 8 of Plaintiffs' Complaint.

**<u>COMPLAINT ¶9:</u>**

Plaintiffs Stephan Flemens and George Jones bring this action on behalf of themselves and all similarly situated current and former RV Drivers of Anthem Defendants pursuant to the Fair Labor Standards Act ("FLSA").

**ANSWER:**

Defendants admit that Plaintiffs purport to bring this action pursuant to the FLSA, but deny that they engaged in any wrongdoing or acts in violation of the FLSA.  Defendants further deny that Plaintiffs are similarly situated and deny that this case is suited for certification as a collective action.  Defendants deny any remaining allegations set forth in Paragraph 9 of Plaintiffs' Complaint.

### COMPLAINT ¶10:

Plaintiffs bring this action individually for violations of New York Labor Law §§ 191, 193, 195(1), and 195(3) against Defendants.

**ANSWER:**

Defendants admit that Plaintiffs bring this lawsuit under the New York Labor Law §§ 191, 193, 195(1), and 195(3).  Defendants deny that Plaintiffs are entitled to any relief under New York Labor Law and deny any allegations in Paragraph 10 of Plaintiffs' Complaint.

### JURISDICTION & VENUE

### COMPLAINT ¶11:

Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Paragraph 11 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 11.

### COMPLAINT ¶12:

This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Paragraph 12 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Amerigroup Defendants did business in Kings, Queens, Richmond, New York, Nassau and Suffolk Counties and maintains a principal place of business at 241 37th Street, Brooklyn, New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 13 of Plaintiffs' Complaint.

**COMPLAINT ¶14:**

Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Paragraph 14 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 14.

**THE PARTIES**

*Plaintiff Stephan Flemens*

**COMPLAINT ¶15:**

Plaintiff Stephan Flemens is an individual who resides in Stamford, Connecticut.

**ANSWER:**

Upon information and belief, Defendants admit the allegations in Paragraph 15 of Plaintiffs' Complaint.

## COMPLAINT ¶16:

At all times relevant to the Complaint, Stephan Flemens has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

## ANSWER:

Paragraph 16 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff Flemens was an employee of any of the Defendants named in this lawsuit.

## COMPLAINT ¶17:

At all times relevant, Stephan Flemens has been employed by Defendants as a RV Driver.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

## COMPLAINT ¶18:

Stephan Flemens expressed his consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

## ANSWER:

Defendants admit that Plaintiff Stephan Flemens attached a form titled "Consent Form" to Plaintiffs' Complaint.  Except as expressly admitted herein, Defendants deny any remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

***Plaintiff George Jones***

## COMPLAINT ¶19:

Plaintiff George Jones is an individual who resides in Brooklyn, New York.

## ANSWER:

Upon information and belief, Defendants admit the allegations in Paragraph 19 of Plaintiffs' Complaint.

### COMPLAINT ¶20:

At all times relevant to the Complaint, George Jones has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

### ANSWER:

Paragraph 20 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff Jones was an employee of any of the Defendants named in this lawsuit.

### COMPLAINT ¶21:

At all times relevant, George Jones has been employed by Defendants as a RV Driver.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

### COMPLAINT ¶22:

George Jones expressed his consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

### ANSWER:

Defendants admit that Plaintiff George Jones attached a form titled "Consent Form" to Plaintiffs' Complaint.  Except as expressly admitted herein, Defendants deny any remaining allegations in Paragraph 22 of Plaintiffs' Complaint.

***Plaintiff Jose Rodriguez***

### COMPLAINT ¶23:

Plaintiff Jose Rodriguez is an individual who resides in New York, New York.

### ANSWER:

Upon information and belief, Defendants admit the allegations in Paragraph 23 of Plaintiffs' Complaint.

### COMPLAINT ¶24:

At all times relevant to the Complaint, Jose Rodriguez has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

### ANSWER:

Paragraph 24 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff Rodriguez was an employee of any of the Defendants named in this lawsuit.

### COMPLAINT ¶25:

At all times relevant, Jose Rodriguez has been employed by Defendants as a RV Driver.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

### COMPLAINT ¶26:

Jose Rodriguez expressed his consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

### ANSWER:

Defendants admit that Plaintiff Jose Rodriguez attached a form titled "Consent Form" to Plaintiffs' Complaint.  Except as expressly admitted herein, Defendants deny any remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

*Plaintiff Wai Yun Au*

### COMPLAINT ¶27:

Plaintiff Wai Yun Au is an individual who resides in Staten Island, New York.

### ANSWER:

Upon information and belief, Defendants admit the allegations in Paragraph 27 of Plaintiffs' Complaint.

### COMPLAINT ¶28:

At all times relevant to the Complaint, Wai Yun Au has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

### ANSWER:

Paragraph 28 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff Au was an employee of any of the Defendants named in this lawsuit.

### COMPLAINT ¶29:

At all times relevant, Wai Yun Au has been employed by Defendants as a RV Driver.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

### COMPLAINT ¶30:

Wai Yun Au expressed his consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

### ANSWER:

Defendants admit that Plaintiff Wai Yun Au attached a form titled "Consent Form" to Plaintiffs' Complaint.  Except as expressly admitted herein, Defendants deny any remaining allegations in Paragraph 30 of Plaintiffs' Complaint.

***Plaintiff Michael Williams***

### COMPLAINT ¶31:

Plaintiff Michael Williams is an individual who resides in Bronx, New York.

### ANSWER:

Upon information and belief, Defendants admit the allegations in Paragraph 31 of Plaintiffs' Complaint.

**COMPLAINT ¶32:**

At all times relevant to the Complaint, Michael Williams has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

**ANSWER:**

Paragraph 32 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff Williams was an employee of any of the Defendants named in this lawsuit.

**COMPLAINT ¶33:**

At all times relevant, Michael Williams has been employed by Defendants as a RV Driver.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint.

**COMPLAINT ¶34:**

Michael Williams expressed his consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

**ANSWER:**

Defendants admit that Plaintiff Michael Williams attached a form titled "Consent Form" to Plaintiffs' Complaint.  Except as expressly admitted herein, Defendants deny any remaining allegations in Paragraph 34 of Plaintiffs' Complaint.

***Plaintiff Norman Forbes***

**COMPLAINT ¶35:**

Plaintiff Norman Forbes is an individual who resides in Brooklyn, New York.

**ANSWER:**

Upon information and belief, Defendants admit the allegations in Paragraph 35 of Plaintiffs' Complaint.

### COMPLAINT ¶36:

At all times relevant to the Complaint, Norman Forbes has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

### ANSWER:

Paragraph 36 of Plaintiffs' Complaint contains conclusions of law to which no response is required.   To the extent a response is required, Defendants deny that Plaintiff Forbes was an employee of any of the Defendants named in this lawsuit.

### COMPLAINT ¶37:

At all times relevant, Norman Forbes has been employed by Defendants as a RV Driver.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint.

### COMPLAINT ¶38:

Norman Forbes expressed his consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

### ANSWER:

Defendants admit that Plaintiff Norman Forbes attached a form titled "Consent Form" to Plaintiffs' Complaint.   Except as expressly admitted herein, Defendants deny any remaining allegations in Paragraph 38 of Plaintiffs' Complaint.

***Defendant The Anthem Companies, Inc.***

### COMPLAINT ¶39:

Upon information and belief, Defendant The Anthem Companies, Inc. is a foreign corporation registered to do business in the State of New York.

### ANSWER:

Defendants admit the allegations set forth in Paragraph 39 of Plaintiffs' Complaint.

### COMPLAINT ¶40:

Defendant The Anthem Companies, Inc. is doing business as Anthem.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

**COMPLAINT ¶41:**

Upon information and belief, Defendant The Anthem Companies, Inc. maintains its principle place of business at 120 Monument Circle, Indianapolis, Indiana 46204.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

**COMPLAINT ¶42:**

At all times hereinafter mentioned, Defendant The Anthem Companies, Inc. was and still is an "employer" within the meaning of all applicable statutes.

**ANSWER:**

Defendants deny that The Anthem Companies, Inc. is Plaintiffs' former or current employer.  Defendants deny any remaining allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

**COMPLAINT ¶43:**

At all times hereinafter mentioned, the activities of Defendant The Anthem Companies, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

**ANSWER:**

Paragraph 43 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 43.

**COMPLAINT ¶44:**

Upon information and belief, Defendant The Anthem Companies, Inc. maintains control, oversight, and direction over their operations and employment practices in the State of New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 44 of Plaintiffs' Complaint.

## COMPLAINT ¶45:

At all times hereinafter mentioned, Defendant The Anthem Companies, Inc. employs employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

## ANSWER:

Defendants deny the allegations set forth in Paragraph 45 of Plaintiffs' Complaint.

## COMPLAINT ¶46:

Defendant The Anthem Companies, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## ANSWER:

Defendants deny the allegations set forth in Paragraph 46 of Plaintiffs' Complaint.

## COMPLAINT ¶47:

At all relevant times, Defendant The Anthem Companies, Inc. maintains control, oversight, and direction over Plaintiffs and similarly situated RV Drivers, including timekeeping, payroll and other employment practices that applied to them.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 47 of Plaintiffs' Complaint.

## COMPLAINT ¶48:

Defendant The Anthem Companies, Inc. applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

***Defendant The Anthem Companies Indiana***

## COMPLAINT ¶49:

Upon information and belief, Defendant The Anthem Companies Indiana is a foreign corporation registered to do business in the State of New York.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

**COMPLAINT ¶50:**

Defendant The Anthem Companies Indiana is doing business as Anthem.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 50 of Plaintiffs' Complaint.

**COMPLAINT ¶51:**

Upon information and belief, Defendant The Anthem Companies Indiana maintains its principle place of business at 120 Monument Circle, Indianapolis, Indiana 46204.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

**COMPLAINT ¶52:**

At all times hereinafter mentioned, Defendant The Anthem Companies Indiana was and

still is an "employer" within the meaning of all applicable statutes.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

**COMPLAINT ¶53:**

At all times hereinafter mentioned, the activities of Defendant The Anthem Companies Indiana constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 53 of Plaintiffs' Complaint.

**COMPLAINT ¶54:**

Upon information and belief, Defendant The Anthem Companies Indiana maintains control, oversight, and direction over their operations and employment practices in the State of New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 54 of Plaintiffs' Complaint.

**COMPLAINT ¶55:**

At all times hereinafter mentioned, Defendant The Anthem Companies Indiana employs employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 55 of Plaintiffs' Complaint.

**COMPLAINT ¶56:**

Defendant The Anthem Companies Indiana's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

**COMPLAINT ¶57:**

At all relevant times, Defendant The Anthem Companies Indiana's maintains control, oversight, and direction over Plaintiffs and similarly situated RV Drivers, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 57 of Plaintiffs' Complaint.

**COMPLAINT ¶58:**

Defendant The Anthem Companies Indiana applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

*Anthem Defendants*

### COMPLAINT ¶59:

Anthem Defendants constitute a unified operation.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 59 of Plaintiffs' Complaint.

### COMPLAINT ¶60:

Anthem Defendants constitute a common enterprise.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 60 of Plaintiffs' Complaint.

### COMPLAINT ¶61:

Anthem Defendants have interrelated operations.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 61 of Plaintiffs' Complaint.

### COMPLAINT ¶62:

Anthem Defendants have common management.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 62 of Plaintiffs' Complaint.

### COMPLAINT ¶63:

Anthem Defendants have centralized control of labor relations.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 63 of Plaintiffs' Complaint.

### COMPLAINT ¶64:

Anthem Defendants have common ownership.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 64 of Plaintiffs' Complaint.

### COMPLAINT ¶65:

Anthem Defendants share employees.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 65 of Plaintiffs' Complaint.

### COMPLAINT ¶66:

Anthem Defendants commingle funds with each other.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 66 of Plaintiffs' Complaint.

### COMPLAINT ¶67:

Anthem Defendants share the same physical addresses in the State of Indiana.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 67 of Plaintiffs' Complaint.

### COMPLAINT ¶68:

Anthem Defendants constitute a single employer.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 68 of Plaintiffs' Complaint.

### COMPLAINT ¶69:

Anthem Defendants constitute an integrated enterprise.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 69 of Plaintiffs' Complaint.

### COMPLAINT ¶70:

At all relevant times, Anthem Defendants maintain control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that apply to them.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 70 of Plaintiffs' Complaint.

### COMPLAINT ¶71:

Anthem Defendants apply the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 71 of Plaintiffs' Complaint.

### *Defendant Amerigroup New York, LLC*

### COMPLAINT ¶72:

Upon information and belief, Defendant Amerigroup New York, LLC is a New York corporation registered to do business in the State of New York.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 72 of Plaintiffs' Complaint.

### COMPLAINT ¶73:

Defendant Amerigroup New York, LLC was doing business as Amerigroup.

### ANSWER:

Defendants deny the allegations set forth in Paragraph 73 of Plaintiffs' Complaint.

### COMPLAINT ¶74:

Upon information and belief Defendant Amerigroup New York, LLC maintained a principal place of business at 241 37th Street, Brooklyn, New York.

### ANSWER:

Defendants admit the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

### COMPLAINT ¶75:

At all times hereinafter mentioned, Defendant Amerigroup New York, LLC was an "employer" within the meaning of all applicable statutes.

### ANSWER:

Defendants deny that Amerigroup New York, LLC employed Plaintiffs.  Defendants deny

the remaining allegations contained in Paragraph 75 of Plaintiffs' Complaint.

## COMPLAINT ¶76:

Upon information and belief, Defendant Amerigroup New York, LLC maintained control, oversight, and direction over its operations and employment practices.

**ANSWER:**

Defendants admit that the allegations set forth in Paragraph 76 of Plaintiffs' Complaint.

## COMPLAINT ¶77:

At all relevant times, Defendant Amerigroup New York, LLC maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

***Defendant Amerigroup IPA of New York, LLC***

## COMPLAINT ¶78:

Upon information and belief, Defendant Amerigroup IPA of New York, LLC is a New York corporation registered to do business in the State of New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 78 of Plaintiffs' Complaint.

## COMPLAINT ¶79:

Defendant Amerigroup IPA of New York, LLC was doing business as Amerigroup.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 79 of Plaintiffs' Complaint.

## COMPLAINT ¶80:

Upon information and belief Defendant Amerigroup IPA of New York, LLC maintained a principal place of business at 241 37th Street, Brooklyn, New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 80 of Plaintiffs' Complaint.

**COMPLAINT ¶81:**

At all times hereinafter mentioned, Defendant Amerigroup IPA of New York, LLC was an "employer" within the meaning of all applicable statutes.

**ANSWER:**

Defendants deny that Amerigroup IPA of New York, LLC employed Plaintiffs.

**COMPLAINT ¶82:**

Upon information and belief, Defendant Amerigroup IPA of New York, LLC maintained control, oversight, and direction over its operations and employment practices.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 82 of Plaintiffs' Complaint.

**COMPLAINT ¶83:**

At all relevant times, Defendant Amerigroup IPA of New York, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated RV Drivers, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 83 of Plaintiffs' Complaint.

***Amerigroup Defendants***

**COMPLAINT ¶84:**  [*Misnumbered as Paragraph 1 in the Complaint*]

Amerigroup Defendants constitute a unified operation.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 1 of Plaintiffs' Complaint.

**COMPLAINT ¶85:**  [*Misnumbered as Paragraph 2 in the Complaint*]

Amerigroup Defendants constitute a common enterprise.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 2 of Plaintiffs' Complaint.

**COMPLAINT ¶86:** [*Misnumbered as Paragraph 3 in the Complaint*]

Amerigroup Defendants have interrelated operations.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 3 of Plaintiffs' Complaint.

**COMPLAINT ¶87:** [*Misnumbered as Paragraph 4 in the Complaint*]

Amerigroup Defendants have common management.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 4 of Plaintiffs' Complaint.

**COMPLAINT ¶88:** [*Misnumbered as Paragraph 5 in the Complaint*]

Amerigroup Defendants have centralized control of labor relations.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 5 of Plaintiffs' Complaint.

**COMPLAINT ¶89:** [*Misnumbered as Paragraph 6 in the Complaint*]

Amerigroup Defendants have common ownership.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 6 of Plaintiffs' Complaint.

**COMPLAINT ¶90:** [*Misnumbered as Paragraph 7 in the Complaint*]

Amerigroup Defendants share employees.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 7 of Plaintiffs' Complaint.

**COMPLAINT ¶91:** [*Misnumbered as Paragraph 8 in the Complaint*]

Amerigroup Defendants commingle funds with each other.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 8 of Plaintiffs' Complaint.

**COMPLAINT ¶92:** [*Misnumbered as Paragraph 9 in the Complaint*]

Amerigroup Defendants share the same physical addresses in the State of Indiana.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 9 of Plaintiffs' Complaint.

**COMPLAINT ¶93:** [*Misnumbered as Paragraph 10 in the Complaint*]

Amerigroup Defendants constitute a single employer.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 10 of Plaintiffs' Complaint.

**COMPLAINT ¶94:** [*Misnumbered as Paragraph 11 in the Complaint*]

Amerigroup Defendants constitute an integrated enterprise.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 11 of Plaintiffs' Complaint.

**COMPLAINT ¶95:** [*Misnumbered as Paragraph 12 in the Complaint*]

At all relevant times, Amerigroup Defendants maintain control, oversight, and direction over Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 12 of Plaintiffs' Complaint.

**COMPLAINT ¶96:** [*Misnumbered as Paragraph 13 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants, Anthem Defendants substantially continued Amerigroup Defendants' business operations.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 13 of Plaintiffs' Complaint.

**COMPLAINT ¶97:** [*Misnumbered as Paragraph 14 in the Complaint*]

Specifically, Plaintiffs and other similarly situated RV Drivers continued to report to the same parking lot in College Point, New York to pick up their vehicles.

**ANSWER:**

Defendants admit that RV drivers report to a facility located in College Point, New York to pick up RVs.  Defendants deny any remaining allegations contained in misnumbered Paragraph 14 of the Plaintiffs' Complaint.

**COMPLAINT ¶98:** [*Misnumbered as Paragraph 15 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants' business, Anthem Defendants used the same facilities to operate.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 15 of Plaintiffs' Complaint.

**COMPLAINT ¶99:** [*Misnumbered as Paragraph 16 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants' business, Anthem Defendants retained Amerigroup Defendants' employees.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 16 of Plaintiffs' Complaint.

**COMPLAINT ¶100:** [*Misnumbered as Paragraph 17 in the Complaint*]

Specifically, Anthem Defendants continued to employ Plaintiffs after acquiring Amerigroup Defendants' business.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 17 of Plaintiffs' Complaint.

**COMPLAINT ¶101:** [*Misnumbered as Paragraph 18 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants' business, Anthem Defendants maintained the same jobs, including the RV Driver job.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 18 of Plaintiffs' Complaint.

**COMPLAINT ¶102:** [*Misnumbered as Paragraph 19 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants' business, Anthem Defendants employed the same supervisors.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 19 of Plaintiffs' Complaint.

**COMPLAINT ¶103:** [*Misnumbered as Paragraph 20 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants' business, Anthem Defendants used the same equipment and methods.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 20 of Plaintiffs'

Complaint.

**COMPLAINT ¶104:** [*Misnumbered as Paragraph 21 in the Complaint*]

Upon information and belief, upon acquiring Amerigroup Defendants' business, Anthem Defendants offered the same services as Amerigroup Defendants that is, Anthem Defendants continued to offer health insurance.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 21 of Plaintiffs'

Complaint.

**COMPLAINT ¶105:** [*Misnumbered as Paragraph 22 in the Complaint*]

Upon information and belief, when Anthem Defendants acquired Amerigroup Defendants' business Anthem Defendants had actual or constructive notice of the wage-and-hour violations alleged in this Complaint.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 22 of Plaintiffs'

Complaint.

**COMPLAINT ¶106:** [*Misnumbered as Paragraph 23 in the Complaint*]

Upon information and belief, Amerigroup Defendants are unable to provide complete relief to Plaintiffs.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 23 of Plaintiffs'

Complaint.

**COMPLAINT ¶107:** [*Misnumbered as Paragraph 24 in the Complaint*]

At all times hereinafter mentioned, Anthem Defendants are a "successor" to Amerigroup Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 24 of Plaintiffs' Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

**COMPLAINT ¶108:** [*Misnumbered as Paragraph 25 in the Complaint*]

Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Anthem Defendants as a RV Driver in the State of New York within the last 3 years and who elect to opt-in to this action.

**ANSWER:**

Defendants admit that Plaintiffs initiated this action on behalf of themselves and others as defined in Plaintiffs' Complaint.  Defendants deny that this case is appropriate for treatment as a collective and/or class action, deny that Plaintiffs or any individuals they purport to represent or include in this lawsuit are entitled to any relief in this lawsuit, and deny the remaining allegations set forth in misnumbered Paragraph 25 of Plaintiffs' Complaint.

**COMPLAINT ¶109:** [*Misnumbered as Paragraph 26 in the Complaint*]

Plaintiffs Stephan Flemens and Plaintiff George Jones represent other RV Drivers, and are acting on behalf of Anthem Defendants' current and former RV Drivers' interests as well as their own interests in bringing this action.

**ANSWER:**

Defendants admit that Stephan Flemens and George Jones initiated this lawsuit to represent themselves and other RV Drivers. Defendants deny the remaining allegations set forth in misnumbered Paragraph 26 of Plaintiffs' Complaint.

**COMPLAINT ¶110:** [*Misnumbered as Paragraph 27 in the Complaint*]

Anthem Defendants unlawfully required Plaintiffs and all individuals employed as RV Drivers to work in excess of 40 hours per week without paying them overtime compensation for all hours they worked in excess of 40 hours per week.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 27 of Plaintiffs' Complaint.

### COMPLAINT ¶111: [*Misnumbered as Paragraph 28 in the Complaint*]

Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All RV Drivers who are currently or have been employed by Anthem Defendants in the State of New York at any time during the 3 years prior to the filing of their respective consent forms (hereinafter, the "FLSA Collective").

**ANSWER:**

Defendants admit that Plaintiffs seek to proceed as a collective action. Defendants deny that this case is appropriate for treatment as a collective and/or class action, deny that Plaintiffs or any individuals they purport to represent or include in this lawsuit are entitled to any relief in this lawsuit, and deny the remaining allegations set forth in misnumbered Paragraph 28 of Plaintiffs' Complaint.

### COMPLAINT ¶112: [*Misnumbered as Paragraph 29 in the Complaint*]

Anthem Defendants were or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the FLSA Collective, an overtime premium of 1 and $^{1}/_{2}$ times their regular rate of pay for all work-hours Anthem Defendants suffered or permitted them to work in excess of 40 hours per workweek.

**ANSWER:**

Defendants admit that they are aware of the requirements of the FLSA. Defendants deny the remaining allegations set forth in misnumbered Paragraph 29 of Plaintiffs' Complaint.

### COMPLAINT ¶113: [*Misnumbered as Paragraph 30 in the Complaint*]

The FLSA Collective is readily identifiable and locatable through the use of Anthem Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Anthem Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 30 of Plaintiffs' Complaint.

## COMMON FACTUAL ALLEGATIONS

**COMPLAINT ¶114:** [*Misnumbered as Paragraph 31 in the Complaint*]

Plaintiffs and the FLSA Collective are victims of Anthem Defendants' common policy and plan that violated their rights under the FLSA by failing to pay proper compensation for all hours worked and failing to compensate at the proper overtime rate for all hours over forty worked per workweek.  At all times relevant, Anthem Defendants' unlawful policy and pattern or practice has been willful.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 31 of Plaintiffs' Complaint.

**COMPLAINT ¶115:** [*Misnumbered as Paragraph 32 in the Complaint*]

Plaintiffs and the FLSA Collective were required to report for work at Anthem Defendants' College Point, New York parking lot.

**ANSWER:**

Defendants admit that Plaintiffs reported to a facility in College Point, New York. Defendants deny any remaining allegations set forth in misnumbered Paragraph 32 of Plaintiffs' Complaint.

**COMPLAINT ¶116:** [*Misnumbered as Paragraph 33 in the Complaint*]

Plaintiffs and the FLSA Collective were required to punch-in and punch-out at the beginning and end of every work day.

**ANSWER:**

Defendants admit that Plaintiffs were required to punch-in and punch-out of a timeclock. Defendants deny any remaining allegations set forth in misnumbered Paragraph 33 of Plaintiffs' Complaint.

**COMPLAINT ¶117:** [*Misnumbered as Paragraph 34 in the Complaint*]

Upon information and belief, for a period of time Plaintiffs and the FLSA Collective were also required to input their recorded work hours from their timecard into a computer timekeeping system.

**ANSWER:**

Defendants admit that Plaintiffs were required to enter their time into a computer timekeeping system.  Defendants deny any remaining set forth in misnumbered Paragraph 34 of Plaintiffs' Complaint.

**COMPLAINT ¶118:** [*Misnumbered as Paragraph 35 in the Complaint*]

Anthem Defendants' engaged in a number of practices in order to deny Plaintiffs and the FLSA Collective pay for all hours worked.  Anthem Defendants' unlawful practices include but are not limited to:

a.  Not permitting Plaintiffs and the FLSA Collective to record their start time accurately;

b.  Instructing Plaintiffs and the FLSA Collective to shave time when imputing the hours from their timecards into the computer timekeeping system;

c.  Consistently deducting a half hour lunch break from Plaintiffs and the FLSA Collective pay despite the fact that RV Drivers were forced to work through lunch breaks;

d.  On Fridays, requiring Plaintiffs and the FLSA Collective to estimate the end time for their timecard that day, despite often working more than their estimated time, and thereby denying pay for any hours worked in excess of their estimates; and

e.  Denying Plaintiffs and the FLSA Collective overtime pay for a specific workweek, and instructing them to instead leave early the next week.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 35 of Plaintiffs' Complaint, including all sub-parts of the Paragraph.

**COMPLAINT ¶119:** [*Misnumbered as Paragraph 36 in the Complaint*]

Upon information and belief, Anthem Defendants shaved time from Plaintiffs and the FLSA Collective's recorded time worked.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 36 of Plaintiffs' Complaint.

**COMPLAINT ¶120:** [*Misnumbered as Paragraph 37 in the Complaint*]

As part of its regular business practice, Anthem Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA.  Anthem Defendants' policy and pattern or practice includes, but is not limited to:

a.    Willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, wages for all of the hours that they worked; and

b.    Willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, overtime wages for all of the hours that they worked in excess of 40 per workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 37 of Plaintiffs' Complaint, including all sub-parts of the Paragraph.

**COMPLAINT ¶121:** [*Misnumbered as Paragraph 38 in the Complaint*]

Anthem Defendants were or should have been aware that the FLSA required it to pay Plaintiffs and the FLSA Collective overtime pay for all hours worked in excess of 40 per week.

**ANSWER:**

Defendants admit that they are aware of the requirements of the FLSA.  Defendants deny the remaining allegations set forth in misnumbered Paragraph 38 of Plaintiffs' Complaint.

**COMPLAINT ¶122:** [*Misnumbered as Paragraph 39 in the Complaint*]

Anthem Defendants' failure to pay Plaintiffs and the FLSA Collective overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 39 of Plaintiffs' Complaint.

**COMPLAINT ¶123:** [*Misnumbered as Paragraph 40 in the Complaint*]

Anthem Defendants' failure to pay Plaintiffs and the FLSA Collective wages for all of their work up to and including 40 hours per week was willful, intentional, and in bad faith.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 40 of Plaintiffs' Complaint.

**COMPLAINT ¶124:** [*Misnumbered as Paragraph 41 in the Complaint*]

Anthem Defendants' unlawful conduct has been widespread, repeated, and consistent.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 41 of Plaintiffs' Complaint.

## PLAINTIFFS' FACTUAL ALLEGATIONS

*Stephan Flemens*

**COMPLAINT ¶125:** [*Misnumbered as Paragraph 42 in the Complaint*]

Plaintiff Stephan Flemens has been an employee of Defendants, working under their direct supervision.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 42 of Plaintiffs' Complaint.

**COMPLAINT ¶126:** [*Misnumbered as Paragraph 43 in the Complaint*]

Stephan Flemens has been employed by Defendants as a RV Driver since in or about 2007 through the present.

**ANSWER:**

Defendants admit that Stephan Flemens has worked as RV Driver since in or about 2007.

Defendants do not currently employ Stephan Flemens.  Defendants never employed Stephan

Flemens.  Defendants deny any remaining allegations in misnumbered Paragraph 43 of Plaintiffs'

Complaint.

### COMPLAINT ¶127:  [*Misnumbered as Paragraph 44 in the Complaint*]

Stephan Flemens has consistently worked over 40 hours per workweek for Defendants throughout his employment.

### ANSWER:

Defendants deny the allegations set forth in misnumbered Paragraph 44 of Plaintiffs'

Complaint.

### COMPLAINT ¶128:  [*Misnumbered as Paragraph 45 in the Complaint*]

Defendants failed to compensate Stephan Flemens for all hours worked in excess of 40 hours per week at a rate of at least 1 and $^1/_2$ times his regular rate, throughout the entire term of his employment with Defendants.

### ANSWER:

Defendants deny the allegations set forth in misnumbered Paragraph 45 of Plaintiffs'

Complaint.

### COMPLAINT ¶129:  [*Misnumbered as Paragraph 46 in the Complaint*]

Specifically, on Fridays, at the end of a pay period, Stephan Flemens was not paid for all the overtime hours worked.  Defendants required he fill out his computer timecard before leaving for his daily assignment and estimate the end time of his workday.  Typically, Stephan Flemens returned after his estimated end time that was recorded on his timecard.  Instead of paying overtime for the hours he worked, Defendants instructed Stephan Flemens to leave early the next week.

### ANSWER:

Defendants deny the allegations set forth in misnumbered Paragraph 46 of Plaintiffs'

Complaint.

### COMPLAINT ¶130:  [*Misnumbered as Paragraph 47 in the Complaint*]

Defendants failed to compensate Stephan Flemens at a rate of at least his regular hourly rate for the initial 40 hours of work in a workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 47 of Plaintiffs' Complaint.

**COMPLAINT ¶131:** [*Misnumbered as Paragraph 48 in the Complaint*]

For instance, in or around 2014, Anthem Defendants instructed RV Drivers that they could not punch in until 7 a.m.  Despite this unlawful policy, Stephan Flemens and other RV Drivers were required to start working approximately 20 minutes prior to 7 a.m.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 48 of Plaintiffs' Complaint.

**COMPLAINT ¶132:** [*Misnumbered as Paragraph 49 in the Complaint*]

Per Defendants' policy, Stephan Flemens was not allowed to take a lunch break during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 49 of Plaintiffs' Complaint.

**COMPLAINT ¶133:** [*Misnumbered as Paragraph 50 in the Complaint*]

Defendants required Stephan Flemens remain with the RV at all times during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered paragraph 50 of Plaintiffs' Complaint.

**COMPLAINT ¶134:** [*Misnumbered as Paragraph 51 in the Complaint*]

Although Stephan Flemens was not allowed to take a lunch break, Defendants consistently removed a half hour every workday from his pay for an alleged lunch break.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 51 of Plaintiffs' Complaint.

**COMPLAINT ¶135:** [*Misnumbered as Paragraph 52 in the Complaint*]

Defendants required Stephan Flemens to pay for parking tickets he received during the course of his workday for Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 52 of Plaintiffs' Complaint.

**COMPLAINT ¶136:** [*Misnumbered as Paragraph 53 in the Complaint*]

As a result of Defendants requiring Stephan Flemens to pay for parking tickets, Defendants failed to compensate Stephan Flemens the applicable minimum wage for all hours worked in workweeks where he was required to pay for parking tickets.

**ANSWER:**

Misnumbered Paragraph 53 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 53 of Plaintiffs' Complaint.

**COMPLAINT ¶137:** [*Misnumbered as Paragraph 54 in the Complaint*]

Anthem Defendants failed to furnish Stephan Flemens with a notice of wages in 2013 and 2014.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 54 of Plaintiffs' Complaint.

**COMPLAINT ¶138:** [*Misnumbered as Paragraph 55 in the Complaint*]

Defendants failed to furnish Stephan Flemens with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 55 of Plaintiffs' Complaint.

***George Jones***

**COMPLAINT ¶139:** [*Misnumbered as Paragraph 56 in the Complaint*]

Plaintiff George Jones has been an employee of Defendants, working under their direct supervision.

**ANSWER:**

Defendants deny the allegation set forth in misnumbered Paragraph 56 of Plaintiffs' Complaint.

**COMPLAINT ¶140:** [*Misnumbered as Paragraph 57 in the Complaint*]

George Jones has been employed by Defendants as a RV Driver since in or about March 2002 through the present.

**ANSWER:**

Defendants admit that George Jones has worked as RV Driver since in or about 2002.

Defendants do not currently employ George Jones.  Defendants never employed George Jones.

Defendants deny any remaining allegations in misnumbered Paragraph 43 of Plaintiffs' Complaint.

**COMPLAINT ¶141:** [*Misnumbered as Paragraph 58 in the Complaint*]

George Jones has consistently worked over 40 hours per week for Defendants throughout his employment.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 58 of Plaintiffs' Complaint.

**COMPLAINT ¶142:** [*Misnumbered as Paragraph 59 in the Complaint*]

Specifically, in the workweeks beginning on 1/16/2012, 2/13/2012, 8/27/2012, 5/6/2013, 6/10/2013, 6/17/2013, 6/24/2013, 11/3/2014, 11/10/2014, 4/6/2014, 4/13/2014, 4/20/2014,

4/3/2017, 4/10/2017, 7/10/2017, 7/17/2017, 7/24/2017, and 7/31/2017, George Jones worked over 40 hours.  *See* Exhibit B.

**ANSWER:**

Defendants admit that George Jones worked over 40 hours per week on the dates listed in

misnumbered Paragraph 59 of Plaintiffs' Complaint. Defendants deny any remaining allegations

contained in misnumbered Paragraph 59 of Plaintiffs' Complaint.

**COMPLAINT ¶143:** [*Misnumbered as Paragraph 60 in the Complaint*]

Defendants failed to compensate George Jones for all hours worked in excess of 40 hours per week at a rate of at least 1 and $^1/_2$ times his regular rate, throughout the entire term of his employment with Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 60 of Plaintiffs'

Complaint.

**COMPLAINT ¶144:** [*Misnumbered as Paragraph 61 in the Complaint*]

Defendants failed to compensate George Jones at a rate of at least his regular hourly rate for the initial 40 hours of work in a workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 61 of Plaintiffs'

Complaint.

**COMPLAINT ¶145:** [*Misnumbered as Paragraph 62 in the Complaint*]

For instance, in or around 2014, Anthem Defendants instructed the RV Drivers that they could not punch in until 7 a.m.  Despite this unlawful policy, George Jones and other RV Drivers were required to work approximately 30 minutes prior to 7 a.m.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 62 of Plaintiffs'

Complaint.

**COMPLAINT ¶146:**  [*Misnumbered as Paragraph 63 in the Complaint*]

Per Defendants' policy, George Jones was not allowed to take a lunch break during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 63 of Plaintiffs' Complaint.

**COMPLAINT ¶147:**  [*Misnumbered as Paragraph 64 in the Complaint*]

Defendants required George Jones to remain with the RV at all times during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 64 of Plaintiffs' Complaint.

**COMPLAINT ¶148:**  [*Misnumbered as Paragraph 65 in the Complaint*]

Although George Jones was not allowed to take a lunch break, Defendants consistently removed a half hour every workday from his pay for an alleged lunch break.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 65 of Plaintiffs' Complaint.

**COMPLAINT ¶149:**  [*Misnumbered as Paragraph 66 in the Complaint*]

Defendants required George Jones to pay for parking tickets he received during the course of his workday for Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 66 of Plaintiffs' Complaint.

**COMPLAINT ¶150:**  [*Misnumbered as Paragraph 67 in the Complaint*]

As a result of Defendants requiring George Jones to pay for parking tickets, Defendants failed to compensate George Jones the applicable minimum wage for all hours worked in workweeks where he was required to pay for parking tickets.

**ANSWER:**

Misnumbered Paragraph 67 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny any allegations set forth in misnumbered Paragraph 67 of Plaintiffs' Complaint.

**COMPLAINT ¶151:** [*Misnumbered as Paragraph 68 in the Complaint*]

Defendants failed to furnish George Jones with a notice of wages in 2012, 2013, and 2014.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 68 of Plaintiffs' Complaint.

**COMPLAINT ¶152:** [*Misnumbered as Paragraph 69 in the Complaint*]

Defendants failed to furnish George Jones with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 69 of Plaintiffs' Complaint.

*Jose Rodriguez*

**COMPLAINT ¶153:** [*Misnumbered as Paragraph 70 in the Complaint*]

Plaintiff Jose Rodriguez has been an employee of Defendants, working under their direct supervision.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 70 of Plaintiffs' Complaint.

**COMPLAINT ¶154:** [*Misnumbered as Paragraph 71 in the Complaint*]

Jose Rodriguez has been employed by Defendants as a RV Driver since in or about September 2001 through the present.

**ANSWER:**

Defendants admit that Jose Rodriguez has worked as RV Driver since in or about 2001.

Defendants do not currently employ Jose Rodriguez.  Defendants never employed Jose Rodriguez.

Defendants deny any remaining allegations in misnumbered Paragraph 71 of Plaintiffs' Complaint.

**COMPLAINT ¶155:** [*Misnumbered as Paragraph 72 in the Complaint*]

Jose Rodriguez has consistently worked over 40 hours per week for Defendants throughout his employment.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 72 of Plaintiffs' Complaint.

**COMPLAINT ¶156:** [*Misnumbered as Paragraph 73 in the Complaint*]

Defendants failed to compensate Jose Rodriguez for all hours worked in excess of 40 hours per week at a rate of at least 1 and $^1/_2$ times his regular rate, throughout the entire term of his employment with Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 73 of Plaintiffs' Complaint.

**COMPLAINT ¶157:** [*Misnumbered as Paragraph 74 in the Complaint*]

Defendants failed to compensate Jose Rodriguez at a rate of at least his regular hourly rate for the initial 40 hours of work in a workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 74 of Plaintiffs' Complaint.

**COMPLAINT ¶158:** [*Misnumbered as Paragraph 75 in the Complaint*]

For instance, in or around 2014, Anthem Defendants instructed the RV Drivers that they could not punch in until 7 a.m.  Despite this unlawful policy, Jose Rodriguez and other RV Drivers worked approximately 30 minutes prior to 7 a.m.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 75 of Plaintiffs' Complaint.

**COMPLAINT ¶159:** [*Misnumbered as Paragraph 76 in the Complaint*]

Per Defendants' policy, Jose Rodriguez was not allowed to take a lunch break during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 76 of Plaintiffs' Complaint.

**COMPLAINT ¶160:** [*Misnumbered as Paragraph 77 in the Complaint*]

Defendants required Jose Rodriguez remain with the RV at all times during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 77 of Plaintiffs' Complaint.

**COMPLAINT ¶161:** [*Misnumbered as Paragraph 78 in the Complaint*]

Although Jose Rodriguez was not allowed to take a lunch break, Defendants consistently removed a half hour every workday from his pay for an alleged lunch break.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 78 of Plaintiffs' Complaint.

**COMPLAINT ¶162:** [*Misnumbered as Paragraph 79 in the Complaint*]

Defendants required Jose Rodriguez to pay for parking tickets he received during the course of his workday for Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 79 of Plaintiffs' Complaint.

**COMPLAINT ¶163:** [*Misnumbered as Paragraph 80 in the Complaint*]

As a result of Defendants requiring Jose Rodriguez to pay for parking tickets, Defendants failed to compensate Jose Rodriguez the applicable minimum wage for all hours worked in workweeks where he was required to pay for parking tickets.

**ANSWER:**

Misnumbered Paragraph 80 of Plaintiffs' Complaint asserts legal declarations and

conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations set forth in misnumbered Paragraph 80 of Plaintiffs' Complaint.

**COMPLAINT ¶164:** [*Misnumbered as Paragraph 81 in the Complaint*]

Defendants failed to furnish Jose Rodriguez with a notice of wages in 2011, 2012, 2013, and 2014.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 81 of Plaintiffs'

Complaint.

**COMPLAINT ¶165:** [*Misnumbered as Paragraph 82 in the Complaint*]

Defendants failed to furnish Jose Rodriguez with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 82 of Plaintiffs'

Complaint.

***Wai Yun Au***

**COMPLAINT ¶166:** [*Misnumbered as Paragraph 83 in the Complaint*]

Plaintiff Wai Yu Au has been an employee of Defendants, working under their direct supervision.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 83 of Plaintiffs'

Complaint.

**COMPLAINT ¶167:** [*Misnumbered as Paragraph 84 in the Complaint*]

Wai Yu Au has been employed by Defendants as a RV Driver since in or about August 2012 through the present.

**ANSWER:**

Defendants admit that Wai Yu Au has worked as RV Driver since in or about 2014.

Defendants do not currently employ Wai Yu Au.   Defendants never employed Wai Yu Au.

Defendants deny any remaining allegations in misnumbered Paragraph 84 of Plaintiffs' Complaint.

**COMPLAINT ¶168:** [*Misnumbered as Paragraph 85 in the Complaint*]

Wai Yu Au has consistently worked over 40 hours per week for Defendants throughout his employment.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 85 of Plaintiffs'

Complaint.

**COMPLAINT ¶169:** [*Misnumbered as Paragraph 86 in the Complaint*]

Defendants failed to compensate Wai Yu Au for all hours worked in excess of 40 hours per week at a rate of at least 1 and $^1/_2$ times his regular rate, during his employment with Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 86 of Plaintiffs'

Complaint.

**COMPLAINT ¶170:** [*Misnumbered as Paragraph 87 in the Complaint*]

Defendants failed to compensate Wai Yu Au at a rate of at least his regular hourly rate for the initial 40 hours of work in a workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 87 of Plaintiffs'

Complaint.

**COMPLAINT ¶171:** [*Misnumbered as Paragraph 88 in the Complaint*]

For instance, in around 2014, Anthem Defendants instructed the RV Drivers that they could not punch in until 7 a.m.  Despite this unlawful policy, Wai Yu Au and other RV Drivers worked approximately 30 minutes prior to 7 a.m.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 88 of Plaintiffs'

Complaint.

**COMPLAINT ¶172:** [*Misnumbered as Paragraph 89 in the Complaint*]

Specifically, Wai Yu Au typically clock-ins at approximately 6:30 a.m. every workday and begins working; however, he was told by his supervisor that when he inputs his time into Defendants' computer timekeeping system he must change his start time to 7 a.m.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 89 of Plaintiffs'

Complaint.

**COMPLAINT ¶173:** [*Misnumbered as Paragraph 90 in the Complaint*]

Per Defendants' policy, Wai Yu Au was not allowed to take a lunch break during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 90 of Plaintiffs'

Complaint.

**COMPLAINT ¶174:** [*Misnumbered as Paragraph 91 in the Complaint*]

Defendants required Wai Yu Au remain with the RV at all times during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 91 of Plaintiffs'

Complaint.

**COMPLAINT ¶175:** [*Misnumbered as Paragraph 92 in the Complaint*]

Although Wai Yu Au was not allowed to take a lunch break, Defendants consistently removed a half hour every workday from his pay for an alleged break.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 92 of Plaintiffs' Complaint.

**COMPLAINT ¶176:** [*Misnumbered as Paragraph 93 in the Complaint*]

Defendants required Wai Yu Au to pay for parking tickets he received during the course of his workday for Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 93 of Plaintiffs' Complaint.

**COMPLAINT ¶177:** [*Misnumbered as Paragraph 94 in the Complaint*]

As a result of Defendants requiring Wai Yu Au to pay for parking tickets, Defendants failed to compensate Wai Yu Au the applicable minimum wage for all hours worked in workweeks where he was required to pay for parking tickets.

**ANSWER:**

Misnumbered Paragraph 94 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegation set forth in misnumbered Paragraph 94 of Plaintiffs' Complaint.

**COMPLAINT ¶178:** [*Misnumbered as Paragraph 95 in the Complaint*]

Anthem Defendants failed to furnish Wai Yu Au with a notice of wages in 2013 and 2014.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 95 of Plaintiffs' Complaint.

**COMPLAINT ¶179:**  [*Misnumbered as Paragraph 96 in the Complaint*]

Defendants failed to furnish Wai Yu Au with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 96 of Plaintiffs' Complaint.

*Michael Williams*

**COMPLAINT ¶180:**  [*Misnumbered as Paragraph 97 in the Complaint*]

Plaintiff Michael Williams has been an employee of Defendants, working under their direct supervision.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 97 of Plaintiffs' Complaint.

**COMPLAINT ¶181:**  [*Misnumbered as Paragraph 98 in the Complaint*]

Michael Williams has been employed by Defendants as a RV Driver since in or about May 2012 through the present.

**ANSWER:**

Defendants admit that Michael Williams has worked as RV Driver since in or about 2012. Defendants do not currently employ Michael Williams.  Defendants never employed Michael Williams.  Defendants deny any remaining allegations in misnumbered Paragraph 98 of Plaintiffs' Complaint.

**COMPLAINT ¶182:**  [*Misnumbered as Paragraph 99 in the Complaint*]

Michael Williams has consistently worked over 40 hours per week for Defendants throughout his employment.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 99 of Plaintiffs' Complaint.

**COMPLAINT ¶183:** [*Misnumbered as Paragraph 100 in the Complaint*]

Defendants failed to compensate Michael Williams for all hours worked in excess of 40 hours per week at a rate of at least 1 and $^{1}/_{2}$ times his regular rate, throughout the entire term of his employment with Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 100 of Plaintiffs' Complaint.

**COMPLAINT ¶184:** [*Misnumbered as Paragraph 101 in the Complaint*]

Defendants failed to compensate Michael Williams at a rate of at least his regular hourly rate for the initial 40 hours of work in a workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 101 of Plaintiffs' Complaint.

**COMPLAINT ¶185:** [*Misnumbered as Paragraph 102 in the Complaint*]

For instance, Anthem Defendants instructed Michael Williams that he should record his time as starting at 7 a.m. Despite this unlawful policy, Michael Williams works approximately 20 minutes prior to 7 a.m. every workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 102 of Plaintiffs' Complaint.

**COMPLAINT ¶186:** [*Misnumbered as Paragraph 103 in the Complaint*]

Per Defendants' policy, Michael Williams is not allowed to take a lunch break during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 103 of Plaintiffs'

Complaint.

**COMPLAINT ¶187:** [*Misnumbered as Paragraph 104 in the Complaint*]

Defendants required Michael Williams to remain with the RV at all times during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 104 of Plaintiffs'

Complaint.

**COMPLAINT ¶188:** [*Misnumbered as Paragraph 105 in the Complaint*]

Although Michael Williams was not allowed to take a lunch break, Defendants consistently removed a half hour every workday from his pay for an alleged lunch break.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 105 of Plaintiffs'

Complaint.

**COMPLAINT ¶189:** [*Misnumbered as Paragraph 106 in the Complaint*]

Defendants required Michael Williams to pay for parking tickets he received during the course of his workday with Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 106 of Plaintiffs'

Complaint.

**COMPLAINT ¶190:** [*Misnumbered as Paragraph 107 in the Complaint*]

As a result of Defendants requiring Michael Williams to pay for parking tickets, Defendants failed to compensate Michael Williams the applicable minimum wage for all hours worked in workweeks he was required to pay for the parking tickets.

**ANSWER:**

Misnumbered Paragraph 107 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 107 of Plaintiffs' Complaint.

**COMPLAINT ¶191:** [*Misnumbered as Paragraph 108 in the Complaint*]

Anthem Defendants failed to furnish Michael Williams with a notice of wages in 2013 and 2014.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 108 of Plaintiffs' Complaint.

**COMPLAINT ¶192:** [*Misnumbered as Paragraph 109 in the Complaint*]

Defendants failed to furnish Michael Williams with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendants deny the allegation set forth in misnumbered Paragraph 109 of Plaintiffs' Complaint.

***Norman Forbes***

**COMPLAINT ¶193:** [*Misnumbered as Paragraph 110 in the Complaint*]

Plaintiff Norman Forbes has been an employee of Defendants, working under their direct supervision.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 110 of Plaintiffs' Complaint.

**COMPLAINT ¶194:** [*Misnumbered as Paragraph 111 in the Complaint*]

Norman Forbes has been employed by Defendants as a RV Driver since in or about September 2001 through the present.

**ANSWER:**

Defendants admit that Norman Forbes has worked as RV Driver since in or about 2001.

Defendants never employed Norman Forbes.   Defendants deny any remaining allegations in

misnumbered Paragraph 111 of Plaintiffs' Complaint.

**COMPLAINT ¶195:** [*Misnumbered as Paragraph 112 in the Complaint*]

Norman Forbes has consistently worked over 40 hours per week every workweek for Defendants throughout his employment.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 112 of Plaintiffs'

Complaint.

**COMPLAINT ¶196:** [*Misnumbered as Paragraph 113 in the Complaint*]

Specifically, in the workweeks beginning on 4/9/2012, 6/1/2015, 6/8/2015, 10/10/2016, 7/24/2017, 7/31/2017, 8/7/2017, 8/14/2017, 8/21/2017, 8/28/2017, 9/4/2017 and 9/11/2017 Norman Forbes worked over 40 hours.  *See* Exhibit C.

**ANSWER:**

Defendants admit that Norman Forbes worked over 40 hours per week in the dates listed

in misnumbered Paragraph 113 of Plaintiffs' Complaint.

**COMPLAINT ¶197:** [*Misnumbered as Paragraph 114 in the Complaint*]

Defendants failed to compensate Norman Forbes for all hours worked in excess of 40 hours per week at a rate of at least 1 and $^1/_2$ times his regular rate, throughout the entire term of his employment with Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 114 of Plaintiffs'

Complaint.

**COMPLAINT ¶198:** [*Misnumbered as Paragraph 115 in the Complaint*]

Defendants failed to compensate Norman Forbes at a rate of at least his regular hourly rate for the initial 40 hours of work in a workweek.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 115 of Plaintiffs'
Complaint.

**COMPLAINT ¶199:** [*Misnumbered as Paragraph 116 in the Complaint*]

Per Defendants' policy, Norman Forbes was not allowed to take a lunch break during his
workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 116 of Plaintiffs'
Complaint.

**COMPLAINT ¶200:** [*Misnumbered as Paragraph 117 in the Complaint*]

Defendants required Norman Forbes to remain with the RV at all times during his workday.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 117 of Plaintiffs'
Complaint.

**COMPLAINT ¶201:** [*Misnumbered as Paragraph 118 in the Complaint*]

Although Norman Forbes was not allowed to take a lunch break, Defendants consistently
removed a half hour every workday from his pay for an alleged lunch break.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 118 of Plaintiffs'
Complaint.

**COMPLAINT ¶202:** [*Misnumbered as Paragraph 119 in the Complaint*]

Defendants required Norman Forbes to pay for parking tickets he received during the
course of his workday for Defendants.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 119 of Plaintiffs'
Complaint.

**COMPLAINT ¶203:** [*Misnumbered as Paragraph 120 in the Complaint*]

As a result of Defendants requiring Norman Forbes to pay for parking tickets, Defendants failed to compensate Norman Forbes the applicable minimum wage for all hours worked in workweeks where he was required to pay for parking tickets.

**ANSWER:**

Misnumbered Paragraph 120 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 120 of Plaintiffs' Complaint.

**COMPLAINT ¶204:** [*Misnumbered as Paragraph 121 in the Complaint*]

Defendants failed to furnish Norman Forbes with a notice of wages in 2011, 2012, 2013, and 2014.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 121 of Plaintiffs' Complaint.

**COMPLAINT ¶205:** [*Misnumbered as Paragraph 122 in the Complaint*]

Defendants failed to furnish Norman Forbes with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 122 of Plaintiffs' Complaint.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective against Anthem Defendants)**

**COMPLAINT ¶206:** [*Misnumbered as Paragraph 123 in the Complaint*]

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

**COMPLAINT ¶207:** [*Misnumbered as Paragraph 124 in the Complaint*]

Plaintiffs and the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 124 of Plaintiffs' Complaint.

**COMPLAINT ¶208:** [*Misnumbered as Paragraph 125 in the Complaint*]

Anthem Defendants employed Plaintiffs and the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the FLSA Collective for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and $^{1}/_{2}$ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

**ANSWER:**

Misnumbered Paragraph 125 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 125 of Plaintiffs' Complaint.

**COMPLAINT ¶209:** [*Misnumbered as Paragraph 126 in the Complaint*]

Plaintiffs have expressed their consent to make these claims against Anthem Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants admit that Plaintiffs have expressed their consent to make these claims against Anthem Defendants. Defendants deny that Plaintiffs are entitled to any relief and deny any remaining allegations in misnumbered Paragraph 126 of Plaintiffs' Complaint.

**COMPLAINT ¶210:** [*Misnumbered as Paragraph 127 in the Complaint*]

Anthem Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 127 of Plaintiffs' Complaint.

**COMPLAINT ¶211:** [*Misnumbered as Paragraph 128 in the Complaint*]

Because Anthem Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**ANSWER:**

Misnumbered Paragraph 128 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 128 of Plaintiffs' Complaint.

**COMPLAINT ¶212:** [*Misnumbered as Paragraph 129 in the Complaint*]

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the FLSA Collective incurred damages thereby and Anthem Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**ANSWER:**

Misnumbered Paragraph 129 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 129 of Plaintiffs' Complaint.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs)**

**COMPLAINT ¶213:** [*Misnumbered as Paragraph 130 in the Complaint*]

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

**COMPLAINT ¶214:** [*Misnumbered as Paragraph 131 in the Complaint*]

Defendants employed Plaintiffs for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and $^{1}/_{2}$ times their regular hourly rate, in violation of the requirements of NYLL.

**ANSWER:**

Misnumbered Paragraph 131 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 131 of Plaintiffs' Complaint.

**COMPLAINT ¶215:** [*Misnumbered as Paragraph 132 in the Complaint*]

By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

**ANSWER:**

Misnumbered Paragraph 132 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 132 of Plaintiffs' Complaint.

**COMPLAINT ¶216:** [*Misnumbered as Paragraph 133 in the Complaint*]

Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 133 of Plaintiffs' Complaint.

**COMPLAINT ¶217:** [*Misnumbered as Paragraph 134 in the Complaint*]

Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 134 of Plaintiffs' Complaint.

**COMPLAINT ¶218:** [*Misnumbered as Paragraph 135 in the Complaint*]

Defendants' failure to pay overtime compensation to Plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

**ANSWER:**

Misnumbered Paragraph 135 of Plaintiffs' Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 135 of Plaintiffs' Complaint.

**COMPLAINT ¶219:** [*Misnumbered as Paragraph 136 in the Complaint*]

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 136 of Plaintiffs' Complaint.

**COMPLAINT ¶220:** [*Misnumbered as Paragraph 137 in the Complaint*]

Plaintiffs seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**ANSWER:**

Defendants admit that Plaintiffs seek recovery of liquidated damages, attorneys' fees and costs. Defendants deny that Plaintiffs are entitled to any relief and deny any allegations in misnumbered Paragraph 137 of Plaintiffs' Complaint.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Non-Overtime Wages**
**(Brought on behalf of Plaintiffs)**

**COMPLAINT ¶221:** [*Misnumbered as Paragraph 138 in the Complaint*]

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

**COMPLAINT ¶222:** [*Misnumbered as Paragraph 139 in the Complaint*]

Plaintiffs were entitled to their regular hourly wage for each hour they worked for Defendants up to and including 40 hours per week.

**ANSWER:**

Defendants admit the allegations set forth in misnumbered Paragraph 139 of Plaintiffs' Complaint.

**COMPLAINT ¶223:** [*Misnumbered as Paragraph 140 in the Complaint*]

Defendants employed Plaintiffs and willfully failed to compensate Plaintiffs at their regular hourly rate for the time spent working up to and including 40 hours per week, in violation of the requirements of N.Y. Lab. Law § 661(3).

**ANSWER:**

Misnumbered Paragraph 140 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in misnumbered Paragraph 140 of Plaintiffs' Complaint.

**COMPLAINT ¶224:** [*Misnumbered as Paragraph 141 in the Complaint*]

The complete records concerning the number of hours worked by Plaintiffs as well as the compensation Plaintiffs received in workweeks in which unpaid hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiffs are unable to state at this time the exact amount due and owing to them.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 141 of Plaintiffs' Complaint.

**COMPLAINT ¶225:** [*Misnumbered as Paragraph 142 in the Complaint*]

By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*

**ANSWER:**

Misnumbered Paragraph 145 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 142 of Plaintiffs' Complaint.

**COMPLAINT ¶226:** [*Misnumbered as Paragraph 143 in the Complaint*]

Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 143 of Plaintiffs' Complaint.

**COMPLAINT ¶227:** [*Misnumbered as Paragraph 144 in the Complaint*]

Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 144 of Plaintiffs' Complaint.

**COMPLAINT ¶228:** [*Misnumbered as Paragraph 145 in the Complaint*]

Defendants' failure to pay compensation to Plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

**ANSWER:**

Misnumbered Paragraph 145 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 145 of Plaintiffs' Complaint.

**COMPLAINT ¶229:** [*Misnumbered as Paragraph 146 in the Complaint*]

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs incurred damages thereby and Defendants are indebted to them in the amount of the unpaid wages and such

other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

**ANSWER:**

Misnumbered Paragraph 146 of Plaintiffs' Complaint contains conclusions of law to which

no response is required.  To the extent a response is required, Defendants deny the allegations set

forth in P misnumbered Paragraph 146 of Plaintiffs' Complaint.

<u>**COMPLAINT ¶230:**</u>  [*Misnumbered as Paragraph 147 in the Complaint*]

Plaintiffs seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**ANSWER:**

Defendants admit that Plaintiffs seek recovery of liquidated damages, attorneys' fees and

costs.  Defendants deny that Plaintiffs are entitled to any relief and deny any allegations in

misnumbered Paragraph 147 of Plaintiffs' Complaint.


<u>**FOURTH CAUSE OF ACTION**</u>
**NYLL – Unlawful Wage Deductions**
**(Brought on behalf of Plaintiffs)**

<u>**COMPLAINT ¶231:**</u>  [*Misnumbered as Paragraph 148 in the Complaint*]

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs

<u>**COMPLAINT ¶232:**</u>  [*Misnumbered as Paragraph 149 in the Complaint*]

Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193 when Defendants deducted from employees' wages by requiring them to pay for parking tickets which they received during the workday.

**ANSWER:**

Misnumbered Paragraph 149 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 149 of Plaintiffs' Complaint.

**COMPLAINT ¶233:** [*Misnumbered as Paragraph 150 in the Complaint*]

As a consequence of the willful underpayment of wages, alleged above, Plaintiffs incurred damages thereby and Defendants are indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

**ANSWER:**

Misnumbered Paragraph 150 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 150 of Plaintiffs' Complaint.

**COMPLAINT ¶234:** [*Misnumbered as Paragraph 151 in the Complaint*]

Plaintiffs seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**ANSWER:**

Defendants admit that Plaintiffs seek recovery of liquidated damages, attorneys' fees and costs.  Defendants deny that Plaintiffs are entitled to any relief and deny any allegations in misnumbered Paragraph 151 of Plaintiffs' Complaint.

**FIFTH CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs)**

**COMPLAINT ¶235:** [*Misnumbered as Paragraph 152 in the Complaint*]

Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

**ANSWER:**

Defendants reassert all answers provided in all preceding paragraphs.

**COMPLAINT ¶236:** [*Misnumbered as Paragraph 153 in the Complaint*]

Defendants failed to supply Plaintiffs as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 153 of Plaintiffs'

Complaint.

**COMPLAINT ¶237:** [*Misnumbered as Paragraph 154 in the Complaint*]

Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

**ANSWER:**

Defendants deny the allegations set forth in misnumbered Paragraph 154 of Plaintiffs'

Complaint.

**COMPLAINT ¶238:** [*Misnumbered as Paragraph 155 in the Complaint*]

Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiffs are each entitled to damages of $50, or a total of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**ANSWER:**

Misnumbered Paragraph 155 of Plaintiffs' Complaint contains conclusions of law to which

no response is required.  To the extent a response is required, Defendants deny the allegations set

forth in misnumbered Paragraph 155 of Plaintiffs' Complaint.

**COMPLAINT ¶239:** [*Misnumbered as Paragraph 156 in the Complaint*]

Due to Defendants' violations of N.Y. Lab. Law § 195, for each workday that Defendants failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $50, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**ANSWER:**

Misnumbered Paragraph 156 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 156 of Plaintiffs' Complaint.

**COMPLAINT ¶240:** [*Misnumbered as Paragraph 157 in the Complaint*]

Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs are each entitled to damages of $100, or a total of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**ANSWER:**

Misnumbered Paragraph 157 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 157 of Plaintiffs' Complaint.

**COMPLAINT ¶241:** [*Misnumbered as Paragraph 158 in the Complaint*]

Due to Defendants' violations of N.Y. Lab. Law § 195, for each workday that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $250, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**ANSWER:**

Misnumbered Paragraph 158 of Plaintiffs' Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in misnumbered Paragraph 158 of Plaintiffs' Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof.  Defendants further aver that Plaintiffs' claims are so vague as to render it impossible to identify every possible affirmative defense, and thus they expressly reserve their right to assert additional defenses should the precise nature of Plaintiffs' claims become clear.  Defendants further assert that they are continuing to investigate Plaintiffs' claims, and thus Defendants expressly reserve the right to amend their answer and defenses as they discover new evidence and facts.

1.      Plaintiffs' Complaint fails to state a claim, in whole or in part, against Defendants upon which relief may be granted in favor of Plaintiffs, Opt-In Plaintiffs, or putative members of the alleged FLSA collective (the existence of which Defendants expressly deny).

2.      The overtime claim asserted in Plaintiffs' Complaint may not be maintained as a collective action under the FLSA because Plaintiffs and Opt-In Plaintiffs are not similarly situated to each other or to the putative members of the alleged FLSA collective, and they cannot establish the existence of each of the requirements for certification of a collective under 29 U.S.C. § 216(b) and other relevant legal authority.

3.      Plaintiffs' and Opt-In Plaintiffs' claims, and those of any putative members of the alleged FLSA collective, are barred or limited by the applicable statute of limitations.  *See* 29 U.S.C. § 255.  Further, a two-year statute of limitations applies in this case because Plaintiffs, Opt-In Plaintiffs, and the putative members of the alleged FLSA collective cannot establish that a willful violation of the FLSA has occurred.  Defendants state, in the alternative, if necessary, that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing that Defendants

were in full compliance with the FLSA.  As such, the statute of limitations can be no longer than two (2) years, as provided under the FLSA.  *See id.*

4.      Plaintiffs and Opt-In Plaintiffs' FLSA claims, and those of any putative members of the alleged FLSA collective, fail as a matter of law because they were exempt from the overtime requirements of the FLSA pursuant to the outside sales exemption.  *See* 29 U.S.C. § 213(a), corresponding regulations including without limitation 29 C.F.R. part 541, and interpreting case law.

5.      Plaintiffs and Opt-In Plaintiffs' FLSA claims, and those of any putative members of the alleged FLSA collective, fail as a matter of law because they were exempt from the overtime requirements of the FLSA pursuant to the motor carrier exemption.  *See* 29 U.S.C. § 213(b)(1), corresponding regulations including without limitation 29 C.F.R. part 782.2, and interpreting case law.

6.      Pleading in the alternative, and subject to proof through discovery, Plaintiffs' and Opt-In Plaintiffs' claims and those of the putative members of the alleged FLSA collective are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto* to the extent Plaintiffs, Opt-In Plaintiffs, or putative members of the alleged FLSA collective violated Defendants' timekeeping policies and/or breached their contractual agreements with Defendants.

7.      Defendants state, in the alternative, if necessary, that they are not liable because their acts or omissions with respect to Plaintiffs, Opt-In Plaintiffs, and the putative members of the alleged FLSA collective, were in good faith and in reasonable reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Defendants belong.  *See* 29 U.S.C. §§ 258 and 259.

8.      Defendants state, in the alternative, if necessary, that they may not be required to pay liquidated damages because their acts or omissions were in good faith and Defendants had reasonable grounds for believing that their acts or omissions were not a violation of the FLSA. *See* 29 U.S.C. § 260.  Pleading in the alternative, Plaintiffs, Opt-In Plaintiffs, and putative members of the alleged FLSA collective cannot recover both liquidated damages and pre-judgment interest because those forms of relief are duplicative of each other.

9.      Defendants at all times, and in all manners, acted in accordance with any and all duties and obligations under the FLSA and its regulations.

10.     Plaintiffs, Opt-In Plaintiffs, and/or putative members of the alleged FLSA collective lack standing or are otherwise not entitled to bring, maintain, or participate in a collective action under the FLSA.

11.     Plaintiffs' and Opt-In Plaintiffs' claims and those of putative members of the alleged FLSA collective may be barred or limited by the doctrine of equitable estoppel. Specifically, subject to proof through discovery, if Plaintiffs, any Opt-In Plaintiff, or any putative member of the alleged FLSA collective makes representations in this lawsuit that are inconsistent with prior representations to Defendants, then the claims of Plaintiffs, Opt-In Plaintiffs, or any putative member of the alleged FLSA collective may be barred by the doctrine of equitable estoppel.

12.     Subject to proof through discovery, Plaintiffs' and Opt-In Plaintiffs' claims and those of putative members of the alleged FLSA collective may be barred or limited by the doctrine of judicial estoppel.  Specifically, if Plaintiffs, Opt-In Plaintiffs, or any putative member of the alleged FLSA collective makes representations in this lawsuit that are inconsistent with prior representations to another court or governmental agency, then Plaintiffs or Opt-In Plaintiffs'

claims, or those of such putative member of the alleged FLSA collective, may be barred by the doctrine of judicial estoppel.

13.     Subject to proof through discovery, some or all of Plaintiffs' and Opt-In Plaintiffs' claims and those of the putative members of the alleged FLSA collective may be barred by the doctrines of *res judicata* and/or collateral estoppel to the extent that any Plaintiff, Opt-In Plaintiff, or putative member of the alleged FLSA collective has asserted in any prior legal or administrative proceeding that he or she was entitled to payment for claims alleged in this Complaint and did not prevail on such claim.

14.     Subject to proof through discovery, some or all of Plaintiffs' and Opt-In Plaintiffs' claims and those of the putative members of the FLSA collective may be barred, in whole or part, by the doctrines of release, waiver, laches, consent, and accord and satisfaction.

15.     Without waiver of any argument or defense denying liability as to the claims asserted in the Complaint, Defendants are entitled to a set-off and/or credit for any amounts paid to Plaintiffs, any Opt-In Plaintiff, or any putative member of the alleged FLSA collective that they were not entitled to receive.  Defendants are also entitled to a set-off and/or credit for any amounts paid to Plaintiffs, any Opt-In Plaintiff, or any putative member of the alleged FLSA collective that she or they would not have been entitled to receive had Defendants paid her or them in accordance with her or their arguments advanced in this litigation.

16.     Without waiver of any argument or defense denying liability as to the claims asserted in the Complaint, Defendants are entitled to an off-set for any overpayment of wages it provided for work never actually performed, any damages incurred by acts or omissions of Plaintiff, Opt-In Plaintiffs, or putative members of the alleged FLSA collective, or by inadvertent overpayment for hours worked.

17.     Plaintiffs' and Opt-In Plaintiffs' claim for overtime under the FLSA, and the overtime claim of putative members of the alleged FLSA collective, is based in whole or in part on noncompensable activities, including pre- and post-liminary activities, and activities that took a *de minimis* amount of time.

18.     Plaintiffs, Opt-In Plaintiffs, and putative members of the alleged FLSA collective have received full payment for all work performed, thereby barring their respective claims.

19.     Without waiver of any argument or defense denying liability as to the claims asserted in the Complaint, and subject to proof through discovery, Plaintiffs, Opt-In Plaintiffs, and putative members of the alleged FLSA collective have failed to mitigate their alleged damages.

WHEREFORE, Defendants demand judgment against Plaintiffs, Opt-In Plaintiffs, and all putative members of the alleged FLSA collective in their favor:

(i)  denying all claims for relief asserted in the Complaint;

(ii) denying any request by Plaintiff/Opt-In Plaintiffs to designate this action as a collective action under the FLSA, 29 U.S.C. § 216(b);

(ii)  denying Plaintiffs', Opt-In Plaintiffs', and putative members' of the alleged FLSA collective request for back pay and liquidated damages;

(iv)  denying Plaintiffs', Opt-In Plaintiffs', and putative members' of the alleged FLSA collective request for an award of pre- and post-judgment interest;

(v)  denying Plaintiffs',  Opt-In Plaintiffs', and putative members' of the alleged FLSA collective request for an award of attorneys' fees, litigation expenses, costs, and expert fees;

(vi)  denying any other form of relief to Plaintiffs, Opt-In Plaintiffs, and putative members of the alleged FLSA collective;

(vii)   dismissing the Complaint in its entirety against Defendants on the merits with prejudice and in its entirety;

(viii)  awarding Defendants their costs and disbursements, including reasonable attorneys' fees, incurred in this action; and

(ix)   granting Defendants such other and further relief as the Court may deem just and proper.


Dated: February 16, 2018                         SEYFARTH SHAW LLP


                                                 By:/s/ Jeffrey L. Glaser
                                                 Brett C. Bartlett
                                                 bbartlett@seyfarth.com
                                                 Jeffrey Glaser
                                                 jglaser@seyfarth.com
                                                 Jade M. Gilstrap
                                                 jgilstrap@seyfarth.com
                                                 1075 Peachtree Street, N.E.
                                                 Suite 2500
                                                 Atlanta, GA  30309-3958
                                                 Telephone:  (404) 885-1500
                                                 Facsimile:  (404) 892-7056

                                                 Attorneys for Defendants
                                                 THE ANTHEM COMPANIES, INC., THE
                                                 ANTHEM COMPANIES INDIANA,
                                                 AMERIGROUP NEW YORK, LLC, d/b/a
                                                 AMERIGROUP, and AMERIGROUP IPA OF
                                                 NEW YORK, LLC, d/b/a AMERIGROUP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- X

STEPHAN FLEMENS and GEORGE
JONES, on behalf of themselves and all
others similarly situated, JOSE
RODRIGUEZ, WAI YUN AU, MICHAEL
WILLIAMS, and NORMAN FORBES,
individually,

                Plaintiffs,

      -against-

THE ANTHEM COMPANIES, INC., THE
ANTHEM COMPANIES INDIANA,
AMERIGROUP NEW YORK, LLC, d/b/a
AMERIGROUP, and AMERIGROUP IPA
OF NEW YORK, LLC, d/b/a
AMERIGROUP,

             Defendants.

----------------------------------------------------

Case No.  1:17-CV-07088

**ANSWER TO COMPLAINT**

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 16th day of February, 2018, I electronically filed the foregoing

with the clerk of court using the CM/ECF system, which will send notification of such filing to the

following:

Troy L. Kessler
Marijana Matura
Saranicole A. Duban
**SHULMAN KESSLER LLP**
534 Broadhollow Road, Suite 275
Melville, New York

                         /s/ *Jeffrey Glaser*
                         Jeffrey Glaser